In re: PUBLIC OFFERING FEE ANTITRUST LITIGATION,

Yakov Prager, David Holzman and Susan Silverberg, on behalf of themselves and all others similarly situated, Consolidated–Plaintiffs,

Harold Gillet, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

Olde Discount Corp., Defendant,

Kidder, Peabody & Co., Incorporated, Consolidated–Defendants,

Goldman, Sachs & Co., Morgan Stanley Dean Witter, Salomon Smith Barney, Inc., Merrill Lynch Pierce Fenner & Smith Incorporated, CS First Boston Corp., Warburg Dillon Read, Inc., A.G. Edwards, Inc., Bancboston Robertson, Stephens, Inc., Deutsche Banc Alex. Brown, Inc., Cantor Fitzgerald & Co., CIBC Oppenheimer Corp., Cowen & Co., Everen Securities, Inc., Ing, Baring, Furman, SELZ, LLC, J.C. Bradford & Co.; LLC., J.P. Morgan Securities, Inc., Jeffries & Company, Inc., Legg, Mason, Wood, Walker, Inc., Lehman Brothers, Inc., Nationsbanc Montgomery Securities, UBS Painewebber Inc., Piper, Jaffray & Co., and Hambrecht & Quist, Bear, Prudential Securities Inc., Stearns & Co., Inc., Johnson Rice & Co., Defendants–Appellees.

Nos. 01–7585(L), 01–9072.

United States Court of Appeals, Second Circuit.

Dec. 13, 2002.

Ronald L. Futterman, Futterman & Howard, Chtd., Chicago, IL., for Appellants.

Gandolfo V. Diblasi, Sullivan & Cromwell, New York, NY., for Appellees.

LEVAL, SOTOMAYOR, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of December, two thousand and two.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and the case REMANDED.

Plaintiffs appeal from the dismissal of their complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The plaintiffs are a putative class of purchasers of initial public offering ("IPO") shares of common stock of United States companies. The suit is brought against a group of investment banks and brokerage houses which have served as managing underwriters in IPOs.[1] The complaint alleges that the defendants have violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by conspiring to fix the fees they charge for acting as managing underwriters for IPOs. The plaintiffs bring suit pursuant to the Clayton Act, 15 U.S.C. §§ 15, 26.

The defendants moved to dismiss the complaint, arguing *inter alia* that the plaintiffs lacked antitrust standing. In an order issued on February 9, 2001, the district court granted the motion and dismissed the complaint, finding that the plaintiffs had not suffered an injury cognizable under the antitrust laws. For the reasons that follow, we vacate the judgment.

We think it is a fair reading of the complaint (although it could be asserted with greater clarity) that the plaintiffs allege that, in buying shares of IPO stock, they were charged a higher price than they would have paid, were it not for the conspiratorial inflation of the management fee. In other words, had the management fees been set competitively, rather than

1. Four independent actions were filed asserting similar allegations; the district court consolidated these claims into the present suit.

collusively, some part of the resulting reduction would have resulted in a reduction in the price paid by the plaintiffs for the securities.

The district court, however, disagreed with this allegation. The court expressed the belief that a lower management fee would not result in lower prices paid by the purchasers. The court stated, "No matter what the fee may be, the purchasers pay the same price." In the district court's view, the sole effect of IPO fees is to "reduce the net proceeds of the offering that the Issuer can use to carry out its business plan," and that any savings from a reduction in management fees would go entirely to increase the proceeds to the offeror of the securities. Thus, in the district court's understanding, the purchasers could suffer no injury whatsoever by reason of collusively inflated management fees.

In an endorsement of its order dismissing the complaint, the district court indicated that it exercised judicial notice to consider the nature of the underwriting industry and to conclude that the purchasers' price would be unaffected by any conspiracy to raise the underwriters' IPO fees. The district court's citation to *United States v. Morgan*, 118 F.Supp. 621, 654 (S.D.N.Y.1953) (noting that it is "in the very nature of things" that an IPO security will be priced at what the underwriter and issuer think the market will bear "with reasonable assurance of success" before negotiating the gross spread), does not justify the district court's use of judicial notice. The plaintiffs allege that the defendants engaged in a type of horizontal conspiracy that may interfere with the very nature of an efficient market; whether this conduct could in fact affect the price that purchasers pay for their IPO securities depends on the structure of the relevant market and cannot be established as a matter of law.

In ruling on a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the court is obligated to accept the factual allegations of the complaint, and draw all reasonable inferences favorable to the plaintiffs. *See Krimstock v. Kelly*, 306 F.3d 40, 47–48 (2d Cir.2002). The district court did not follow that rule. To the contrary, it declined to accept the factual allegations of the complaint. Where the complaint asserted that the price charged to the plaintiffs as purchasers of the securities was increased by virtue of the collusive conspiracy to fix management fees, the district court ruled on the basis of its belief that the management fee has no effect on the price paid by the purchaser and affects only the proceeds to the issuer of the securities. The reason given by the court for the dismissal of the complaint was therefore not a lawfully permissible reason in the adjudication of a motion under Rule 12(b)(6).

We express no view whether the level of management fees does or does not affect the purchase price paid. At this stage of the proceedings, being obligated to accept the factual allegations of the complaint—at least unless it would be unreasonable to do so—we can see no reason to reject the allegation that the collusively inflated management fees resulted in a higher purchase price. Because the district court's ruling was based on its own view of the facts, rather than on the facts asserted in the complaint, we must vacate the judgment and remand for consideration of the other grounds asserted in the defendants' motions under Rule 12(b)(6). We express no view whether the complaint is subject to dismissal on such grounds.